**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DEANA BOSBYSHELL | § | Case No. 4:15-cv-229 |
| | § | |
| V. | § | Jury Demanded |
| | § | |
| GENERAL INSURANCE COMPANY OF | § | PLAINTIFF'S COMPLAINT |
| AMERICA | § | |

COMPLAINT

Deanna Bosbyshell (Plaintiff) complains of General Insurance Company of America (Defendant), and for cause of action would show:

1.      This is an action for affirmative relief arising out of an insurance carrier's failure to timely pay undersinured motorists benefits to its insured.

2.      Plaintiff is a natural person residing in Lamar County, Texas.  Plaintiff is a Texas Citizen.

3.      Defendant is a general casualty company organized under the laws of the State of New Hampshire, authorized and admitted to engage in the insurance business in Texas, and having its principal place of business in Boston, Massachusetts.  Citation may be served on the defendant by serving its attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      Plaintiff seeks monetary relief in excess of $100,000.00, exclusive of interests and costs.  The damages sought are within the jurisdictional limits of the court.  Plaintiff also seeks non-monetary relief under 28 U.S. C., § 2001, et. seq.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.  Complete diversity exists between the parties.

5.      Venue is proper in the United States District Court of the Eastern District of Texas under 28 U.S.C. § 1391(b)(2).

6.      On June 7, 2012, the Plaintiff was a defined "insured" under a personal auto insurance policy issued by Defendant (General Auto Policy).   On June 7, 2012, a motor vehicle operated by Stacey York Kennedy accidently collided with a vehicle owned and used by the Plaintiff.   The Plaintiff sustained "bodily injury" as defined under the General Auto Policy because of the accident involving Stacey York Kennedy.   The Plaintiff was legally entitled to recover from Stacey York Kennedy for her bodily injury damages caused by the accident.   Stacey York Kennedy's liability for the Plaintiff's' "bodily injury" damages arose out of the ownership, maintenance or use of a motor vehicle operated by Stacey York Kennedy.

7.      When the accident occurred on June 7, 2012, State Farm Insurance insured Stacey York Kennedy and the vehicle she was operating.   Stacey York Kennedy improperly drove her vehicle into the lane of traffic where the vehicle occupied by the Plaintiffs and insured by Defendant was located.   The vehicle occupied by the Plaintiff when the accident occurred was a 2006 Toyota Tundra owned by Deana Bosbyshell, a defined "covered auto" under the General Auto Policy. Stacey York Kennedy's vehicle collided with the vehicle occupied by the Plaintiff because Stacey York Kennedy failed to properly maintain her vehicle in her lane of traffic.   The police report listed Stacey York Kennedy's conduct as the sole contributing factor for the accident that caused bodily injury to the Plaintiff.   Stacey York Kennedy's acts and omissions, singularly or in combination, constituted negligence that proximately caused the accident and the Plaintiff's injuries and damages as described below.

8.      The Plaintiff was occupying a defined "covered auto" when the accident occurred.

9.      Plaintiff brought suit against Stacey York Kennedy in Cause No. 82827 in the 62nd Judicial District Court of Lamar County, Texas.  The State Farm policy of insurance in effect for Stacey York Kennedy had liability limits of $50,000.00 per claimant per occurrence.  There were no other applicable liability bonds or policies in effect for Stacey York Kennedy or the vehicle she was operating when the accident occurred.  Plaintiff, with permission from Defendant, made demands upon Stacey York Kennedy and her insurance carrier, State Farm, for the limit of the applicable auto liability policy.  A tentative settlement was made between the Plaintiff as Defendant's "insured" and Stacey York Kennedy's insurer for the liability limits of State Farm's policy.  This settlement exhausted the applicable liability limits for Stacey York Kennedy.  Defendant consented to Plaintiff settling with Stacey York Kennedy for the applicable limits of liability on the State Farm policy in effect for Stacey York Kennedy.

10.     As a result of Stacey York Kennedy's negligence, the Plaintiff suffered severe bodily injuries, past and future medical expenses, past and future physical disfigurement, past and future physical pain and suffering; past and future mental anguish, and past and future physical impairment, by way of example.

11.     The past medical expenses incurred were necessary for the care and treatment of the injuries sustained by the Plaintiff, and the charges made and to be made were the usual and customary charges for such services in Lamar County, Texas. The Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.  Similarly, all past and future physical disfigurement, past and future physical pain and suffering; past and future mental anguish, and past and future physical impairment have occurred or in all reasonably likelihood will occur and arise out of the June 7, 2012 accident.

12.     Having determined that Stacey York Kennedy was, at the time of the occurrence described above, operating an uninsured motor vehicle, as that term is defined in the General Auto Policy, the Plaintiff timely and properly notified Defendant of the accident. The Plaintiff has fully complied with all the conditions of the General Auto Policy prior to bring this suit. All conditions precedent have been performed or have occurred. Nevertheless, General Auto has failed and refused, and still fails and refuses, to pay the Plaintiff appropriate benefits under the General Auto Policy, as it is contractually required to do.

## BREACH OF CONTRACT

13.     All prior paragraphs are incorporated.

14.     Plaintiff has an express contractual relationship with Defendant.  Defendant agreed to afford UIM coverage if Plaintiff complied with the conditions precedent for enforcement of the UIM coverage.  Plaintiff complied with the conditions precedent for UIM coverage and Defendant has failed to pay the benefits due and owing under UIM coverage.

15.     Defendant breached its contract when it refused to pay the Plaintiff benefits due and owing under the UIM coverage part.  This breach caused injury to the Plaintiff.

16.     The Plaintiff has procured the services of Burt Barr & Associates, L.L.P. and the Price Law firm to prosecute this action and are entitled to recover their reasonable and necessary attorney's fees incurred prosecuting this action through appeal, under Chapter 38 of the Texas Civil Practices and Remedies Code against Defendant. All conditions precedent for recovery have been performed or have occurred.

## DTPA/ TEXAS INSURANCE CODE

17.     All prior paragraphs are incorporated.

18.     At all relevant times, Plaintiff was a consumer seeking to purchase or acquire insurance from Defendant.  Plaintiff is a person as defined by Texas Insurance Code § 541.002(2). Defendant is a person as defined by Texas Insurance Code section 541.002(2).  At all material times, Defendant was in the business of insurance in the State of Texas.

19.     Defendant sold services to Plaintiff for insurance premium and taxes.  Plaintiff paid for the insurance product procured from Defendant. When Plaintiff purchased the insurance product from Defendant, Defendant represented that the procured UIM coverage would cover the Plaintiff for bodily injury damages attributable to uninsured/underinsured vehicles.

20.     The representations by Defendant were false, misleading, and deceptive in that Defendant contends that the General Auto Policy does not afford the purchased UIM coverage for the claim in this action.

21.     The foregoing representations, by way of example, violate subdivisions (b)(5), (7), and (12) of Section 17.46 of the Deceptive Trade Practices--Consumer Protection Act in that they constitute representations that (1) services have characteristics, uses, or benefits that they do not have, (2) services are of a particular standard, quality, style, model or grade although they are another, or (3) representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve.  Plaintiff relied on these misrepresentations to her detriment.

22.     Defendant is a person engaged in the business of insurance as defined in Chapter 541 of the Texas Insurance Code.  Defendant committed a deceptive act or practice in the business of insurance through misrepresentation regarding the personal auto policy in issue by: (a) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were

made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and failing to promptly settle a first party claim.  Plaintiff relied on these representations to their detriment for purposes of the DTPA.  Defendant violated one or more of  the following provisions of the Texas Insurance Code:

Tex. Ins. Code §541.060(a)(1);

Tex. Ins. Code §541.060(a)(2)(A);

Tex. Ins. Code §541.060(a)(3);

Tex. Ins. Code §541.060(a)(4);

Tex. Ins. Code §541.060(a)(6);

Tex. Ins. Code §541.060(a)(7);

Tex. Ins. Code §542.055;

Tex. Ins. Code §542.056;

Tex. Ins. Code §542.058,

Tex. Ins. Code §542.060; and

Tex. Ins. Code §541.151.

23.     All of the conduct described above caused or was a producing cause of actual damage to the Plaintiff.  Plaintiff has given, or will give, written notice of these claims to Defendant; advising it of Plaintiff's specific complaints and the amount of economic damages and expenses, including attorney's fees, reasonably incurred by Plaintiffs in asserting the claim against Defendant related to the personal auto insurance coverage.

24.     Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated retention of the attorneys whose names are subscribed to this petition.

Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiffs for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts, under Chapter 17 of the Texas Business and Commerce Code and Chapters 541 and 542 of the Texas Insurance Code.

25.     Defendant's conduct as described above caused and was a producing cause of Plaintiffs' economic damages.

26.     Texas Insurance Code § 541.152(a)(2) allows a court to grant injunctive relief and thereby enjoining the Defendant from failing to pay the Plaintiff her uninsured/underinsured benefits under the General Auto Policy.  Similarly, the Deceptive Trade Practices Act (Tex.Bus. & Com. Code § 17.50(b)(2), permits the Court to enter an order enjoining the Defendant from failing to pay the Plaintiff her uninsured/underinsured benefits under the General Auto Policy.

## ADDITIONAL DAMAGES

27.     Plaintiffs incorporate all prior paragraphs.

28.     Defendant committed knowing violations of the DTPA and the Texas Insurance Code.  Defendant acted with actual awareness of the falsity, deception or unfairness of their acts or practices.  Plaintiffs are entitled to recover up to three times the amount of their economic damages, as well as enhanced damages under Chapter 541 of the Texas Insurance Code.

29.     Plaintiff is also entitled to recover 18% interest as authorized by the Texas Insurance Code under Chapter 542.

## DECLARATORY JUDGEMENT

30.     Plaintiff incorporates the prior paragraphs.  Plaintiff seeks a declaratory judgment

under 28 U.S.C. §2001.01, et. seq.  Plaintiff asks this Court to interpret the insurance policy in issue and to declare that Defendant has, and had, a duty to pay Plaintiff her UIM benefits because no exclusion, condition or term within the Defendant's General Auto Policy issued to Plaintiff precludes payment of UIM benefits.  Plaintiff has made a demand upon Defendant for coverage and Defendant will have taken a statement from the Plaintiff in an effort to obtain information to deny coverage.

31.     This action concerns a case or controversy, because Plaintiff seeks to have coverage elements determined on a policy of insurance Defendant issued to Plaintiff in Lamar County, Texas.

32.     Plaintiff and Defendant entered into the General Auto Policy (Policy No. Y07040627), which was in effect on June 7, 2012, when the accident occurred.

33.     The General Auto Policy afforded UIM coverage for Plaintiff and permissive drivers of Plaintiff's car.

34.     The General Auto Policy's UIM coverage part contains an exclusion for UIM benefits:

> [F]or the use of a vehicle without the reasonable belief that the person using the vehicle is entitled to do so.  This exclusion does not apply to an individual Named Insured, and "designated person" or a "relative" of either while using a "covered auto".

The accident involved a defined "covered auto" being used by the Named Insured, Plaintiff.

35.     The Plaintiff has complied with all conditions precedent for coverage to attach under the Policy's UIM coverage part, and no exclusion bars UIM coverage for the Plaintiff's claims.

36.     Defendant has, and had, a duty under the General Auto Policy to pay UIM benefits to the Plaintiff.

37.     Plaintiff requests trial by jury and will pay the required fees for a jury.

WHEREFORE, Plaintiff respectfully requests that:

A.      This Court determine and adjudicate the rights and duties of Defendant and Plaintiff under the Policy;

B.      This Court find and declare that Defendant has, and had, a duty to pay the Plaintiff UIM benefits under the Policy;

C.      Defendant and its attorneys and agents be restrained and prohibited from filing or prosecuting any action in any other court upon the Policy;

D.      This Court grant Judgment against Defendant in a sum within the jurisdictional limits of the Court;

E.      This Court award Plaintiff her attorney's fees under the CPRC, DTPA, and the Insurance Code;

F.      This Court award the Plaintiff enhanced damages under the DTPA and Insurance Code;

G.      This Court award the Plaintiff statutory interest, prejudgment interest, and postjudgment interest as provided by law;

H.      This Court award the Plaintiff her costs of suit; and

I.      This Court award the Plaintiff such other and further relief to which the Plaintiff may be entitled.

Respectfully submitted,

BURT BARR & ASSOCIATES, L.L.P.


BY:   /s/ M. Forest Nelson
          M. FOREST NELSON
          SBN: 14904625
          P.O. BOX 223667
          DALLAS, TEXAS 75222-3667
          (214) 943-0012 TELEPHONE
          (214) 943-0048 FACSIMILE
          fnelson@bbarr.com

          GREGG PRICE
          SBN: 16283900
          PRICE LAW OFFICE
          P.O. BOX 307
          SULPHUR SPRINGS, TEXAS 75483
          903.885.3139 TELEPHONE
          903.885.9250 FACSIMILE
          gregg@greggprice.com

          ATTORNEYS FOR PLAINTIFF