IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEANA BOSBYSHELL | § | Case No. 4:15-cv-229 |
| | § | |
| V. | § | Jury Demanded |
| | § | |
| GENERAL INSURANCE COMPANY OF | § | PLAINTIFF'S FIRST |
| AMERICA | § | AMENDED COMPLAINT |

FIRST AMENDED COMPLAINT

Deanna Bosbyshell (Plaintiff) files her first amended complaint against General Insurance Company of America (Defendant), and for cause of action would show:

1. This is an action for affirmative relief arising out of an insurance carrier's failure to timely pay undersinured motorists benefits to its insured.

2. Plaintiff is a natural person residing in Lamar County, Texas. Plaintiff is a Texas Citizen.

3. Defendant has entered an appearance in the captioned action.

4. Plaintiff seeks monetary relief not exceeding $30,000.00, exclusive of interest and costs. The damages sought are not within the jurisdictional limits of the court. This Court now lacks subject matter jurisdiction over this action under 28 U.S.C. §1332. Complete diversity exists between the parties.

5. Venue is proper in the United States District Court of the Eastern District of Texas under 28 U.S.C. § 1391(b)(2).

6. On June 7, 2012, the Plaintiff was a defined "insured" under a personal auto insurance policy issued by Defendant (General Auto Policy). On June 7, 2012, a motor vehicle operated by

Stacey York Kennedy accidently collided with a vehicle owned and used by the Plaintiff. The Plaintiff sustained "bodily injury" as defined under the General Auto Policy because of the accident involving Stacey York Kennedy. The Plaintiff was legally entitled to recover from Stacey York Kennedy for her bodily injury damages caused by the accident. Stacey York Kennedy's liability for the Plaintiff's' "bodily injury" damages arose out of the ownership, maintenance or use of a motor vehicle operated by Stacey York Kennedy.

7. When the accident occurred on June 7, 2012, State Farm Insurance insured Stacey York Kennedy and the vehicle she was operating. Stacey York Kennedy improperly drove her vehicle into the lane of traffic where the vehicle occupied by the Plaintiffs and insured by Defendant was located. The vehicle occupied by the Plaintiff when the accident occurred was a 2006 Toyota Tundra owned by Deana Bosbyshell, a defined "covered auto" under the General Auto Policy. Stacey York Kennedy's vehicle collided with the vehicle occupied by the Plaintiff because Stacey York Kennedy failed to properly maintain her vehicle in her lane of traffic. The police report listed Stacey York Kennedy's conduct as the sole contributing factor for the accident that caused bodily injury to the Plaintiff. Stacey York Kennedy's acts and omissions, singularly or in combination, constituted negligence that proximately caused the accident and the Plaintiff's injuries and damages as described below.

8. The Plaintiff was occupying a defined "covered auto" when the accident occurred.

9. Plaintiff brought suit against Stacey York Kennedy in Cause No. 82827 in the 62nd Judicial District Court of Lamar County, Texas. The State Farm policy of insurance in effect for Stacey York Kennedy had liability limits of $50,000.00 per claimant per occurrence. There were no other applicable liability bonds or policies in effect for Stacey York Kennedy or the vehicle she was

operating when the accident occurred. Plaintiff, with permission from Defendant, made demands upon Stacey York Kennedy and her insurance carrier, State Farm, for the limit of the applicable auto liability policy. A tentative settlement was made between the Plaintiff as Defendant's "insured" and Stacey York Kennedy's insurer for the liability limits of State Farm's policy. This settlement exhausted the applicable liability limits for Stacey York Kennedy. Defendant consented to Plaintiff settling with Stacey York Kennedy for the applicable limits of liability on the State Farm policy in effect for Stacey York Kennedy.

10. As a result of Stacey York Kennedy's negligence, the Plaintiff suffered severe bodily injuries, past and future medical expenses, past and future physical disfigurement, past and future physical pain and suffering; past and future mental anguish, and past and future physical impairment, by way of example.

11. The past medical expenses incurred were necessary for the care and treatment of the injuries sustained by the Plaintiff, and the charges made and to be made were the usual and customary charges for such services in Lamar County, Texas. The Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs. Similarly, all past and future physical disfigurement, past and future physical pain and suffering; past and future mental anguish, and past and future physical impairment have occurred or in all reasonably likelihood will occur and arise out of the June 7, 2012 accident.

12. Having determined that Stacey York Kennedy was, at the time of the occurrence described above, operating an uninsured motor vehicle, as that term is defined in the General Auto Policy, the Plaintiff timely and properly notified Defendant of the accident. The Plaintiff has fully complied with all the conditions of the General Auto Policy prior to bring this suit. All conditions

precedent have been performed or have occurred. Nevertheless, General Auto has failed and refused, and still fails and refuses, to pay the Plaintiff appropriate benefits under the General Auto Policy, as it is contractually required to do.

## BAD FAITH

13. All prior paragraphs are incorporated.

14. Defendant failed to conduct a reasonable and proper investigation of the plaintiff's claim. Plaintiff has supplied the Defendant the medical records setting forth treatment Plaintiff has received and will need because of the accident in issue. Defendant has had access to all the Plaintiff's medical records attributable to the accident in issue. Defendant knows that the Plaintiff needed additional surgery and yet has withheld settlement of the UIM claim after the Defendant agreed to Plaintiff's settling with Kennedy for available policy limits under Kennedy's auto liability policy.

19. Defendant knew or should have known that it was reasonably clear that Plaintiff's UIM claim was covered and should be paid. Defendant has continued to refuse to pay Plaintiff's UIM claim after approving the settlement with Kennedy and after paying PIP benefits without any reservations. Defendant had no reasonable basis for delaying payment of the UIM claim. Defendant and its adjustor(s) know that Plaintiff's claim is compensable under the UIM coverage part and nevertheless have made a conscious decision not to pay the claim.

20. Plaintiff complied with all terms under the Defendant policy of insurance for recovery of UIM benefits. Plaintiff is entitled to recover its compensatory damages caused by Defendant's bad faith in failing to pay a first party claim. The UIM benefits total $30,000.00. Plaintiff stipulates that she will limit her bad faith claim to the $30,000.00 in UIM benefits plus interest and costs.

WHEREFORE, Plaintiff respectfully requests that:

A. This Court grant Judgment against Defendant in a sum not to exceed $30,000.00, before costs and interest;

B. This Court award the Plaintiff prejudgment interest, and postjudgment interest as provided by law;

C. This Court award the Plaintiff her costs of suit; and

D. This Court award the Plaintiff such other and further relief to which the Plaintiff may be entitled.

        Respectfully submitted,

        BURT BARR & ASSOCIATES, L.L.P.

BY:  /s/ M. Forest Nelson
        M. FOREST NELSON
        SBN: 14904625
        P.O. BOX 223667
        DALLAS, TEXAS 75222-3667
        (214) 943-0012 TELEPHONE
        (214) 943-0048 FACSIMILE
        fnelson@bbarr.com

        GREGG PRICE
        SBN: 16283900
        PRICE LAW OFFICE
        P.O. BOX 307
        SULPHUR SPRINGS, TEXAS 75483
        903.885.3139 TELEPHONE
        903.885.9250 FACSIMILE
        gregg@greggprice.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing first amended complaint was served on all counsel on the date of this document's filing by ECF, pursuant to FRCP 5.

                                                    /s/ M. Forest Nelson
                                              M. Forest Nelson